68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roger Leroy HINES, Defendant-Appellant.
 Nos. 94-30397, 94-30398.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 19, 1995.*
Decided Oct. 23, 1995.
 
 Before: WALLACE, Chief Judge, D.W. NELSON, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roger Leroy Hines appeals his sentences imposed by the district court for two felonies: (1) Threats against the President, in violation of 18 U.S.C. Sec. 922(g)(1), and (2) Felon in Possession of a Firearm, in violation of 18 U.S.C.Sec. 922(g)(1). He contends the district court erred by not giving a reasoned explanation for the extent of the three level upward departure.
 
 
 3
 This court has previously heard this case and has decided the law. See U.S. v. Hines, 26 F.3d 1469 (9th Cir. 1994) (hereafter "Hines I"). In Hines I, we held that the district court did not err in (1) imposing the six-level enhancement of U.S.S.G. Sec. 2A6.1(b)(1) for "conduct evidencing an intent to carry out" a threat; (2) deciding not to group Hines' offenses pursuant to U.S.S.G. Sec. 3D1.2(c); and (3) departing upward six levels because the President was the official victim. Id. at 1479.
 
 
 4
 In addition, we held that the district court could depart upward based on the defendant's extraordinary mental and emotional condition pursuant to U.S.S.G. Sec. 5K2.0. Id. We decided that the district court's determination that the defendant was extraordinarily dangerous was not clearly erroneous. This court remanded this case to the district court for an articulation of the reasons for the extent of the three level departure based on Hines' emotional and psychiatric disorders as well as his under-represented criminal history. Id.
 
 
 5
 Applying the Lira-Barraza test for sentences departing from the applicable guideline range, we must follow three steps. U.S. v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir. 1991). The first two steps have already been addressed in Hines I. See Hines I, 26 F.3d at 1477-78. We are left to determine the third step of the Lira-Barraza test: whether the extent of departure from the applicable Guideline range is reasonable. Lira-Barraza, 941 F.2d at 747.
 
 
 6
 The district court properly explained the three level upward departure at the resentencing hearing and in the resentencing order. The extent of departure from the applicable guideline range is reasonable.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3